IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM JOE GRAVES, ID # 33646-177, )<br>Movant, )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br> ) | No. 3:07-CV-1396-L (BH)<br>No. 3:05-CR-0082-L (04)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. **Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:05-CR-0082-L. The respondent is the United States of America (government).

B. **Factual and Procedural History**

On October 31, 2005, movant pled guilty to conspiracy to possess a controlled substance with intent to distribute. On February 15, 2006, the Court sentenced him to 216 months imprisonment. That same day movant filed a notice of appeal. On August 13, 2007, the Court received the instant motion to vacate. Movant therein indicates that his appellate attorney filed an *Anders*[1] brief in

---
[1] *Anders v. California*, 386 U.S. 738 (1967).

August 2006, and thus suggests that his appeal has been resolved. The record before the Court, however, shows that movant's appeal remains pending in the Fifth Circuit Court of Appeals.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). The Fifth Circuit, furthermore, has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). District courts "should not entertain a § 2255 motion during the pendency of a direct appeal because 'the disposition of the appeal may render the motion moot.'" *United States v. Soliz*, Nos. 3:97-CR-409-P(17), 3:98-CV-3058-P, 1999 WL 420614, *1 (N.D. Tex. June 22, 1999). Because movant's appeal remains pending before the Fifth Circuit Court of Appeals, this Court should not entertain the instant motion to vacate. Disposition of the appeal by the Fifth Circuit could render the motion unnecessary.

## III. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In view of the pending appeal before the Fifth

Circuit Court of Appeals, the instant motion is entitled to no consideration on the merits, and the Court should summarily dismiss the motion to vacate.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 24th day of August, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE